MEMORANDUM *
Shihao Guan, a native and citizen of China, petitions for review of the final order of removal denying his claims for withholding of removal and relief under the Convention Against Torture (CAT).[1] We grant the petition and remand for a determination on an open record whether Guan is entitled to withholding of removal or CAT relief.
The immigration judge’s (IJ) adverse credibility determination was flawed from the outset by his reliance on an article in the California Lawyer, which was not part of the record, to note a trend of “bogus” asylum applications by Chinese applicants in the Los Angeles area. We cannot say that this reference did not infect the remainder of his reasoning about how Guan came by his passport and visa. See Lin v. Gonzales, 484 F.3d 1158, 1163 (9th Cir.2006) (“Without some evidence in the record, other than the IJ’s bare personal view, we have no way of knowing whether the IJ’s suspicions are simply conjecture or legitimate concerns bearing on the reliability of the document.... The reviewing court should not be in a position of speculating about the IJ’s speculations.”). Nor under our precedent is another reason for the adverse credibility determination — -that Guan failed to seek asylum at the embassy in China, or upon arrival at the airport, or when extending his visa, or thereafter, and renewed his Chinese passport in the meantime — acceptable when the IJ has not taken into account Guan’s explanation for why he did not do any of these things until he did seek asylum. See, e.g., Singh v. Gonzales, 439 F.3d 1100, 1106, 1107 (9th Cir.2006).
We therefore grant the petition for review and remand to the BIA for further proceedings on an open record. SotoOlarte v. Holder, 555 F.3d 1089, 1093-96 (9th Cir.2009).
PETITION GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Guan does not seek review of the determination that his application for asylum is time-barred.